UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **STANLEY REED** | **CIVIL ACTION NO. 3:13-cv-1505** |
|     LA. DOC #552031 | |
| VS. | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN TIM KEITH** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Stanley Reed, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for *habeas corpus* (28 U.S.C. §2254) on June 6, 2013. Petitioner attacks his convictions for attempted second degree murder, aggravated burglary, and aggravated assault and the sentences totaling 28 years imposed by the Fourth Judicial District Court, Ouachita Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

*Statement of the Case*

Petitioner was found guilty as charged of attempted murder, aggravated burglary, and aggravated assault on February 19, 2009.  On August 4, 2009, he was sentenced to concurrent sentences totaling 28 years.  His motion to reconsider sentence was denied on December 15, 2009. Petitioner appealed to the Second Circuit Court of Appeals raising claims of (1) sufficiency of the evidence; and (2) excessiveness of sentence.  On May 26, 2010, his convictions and sentences were affirmed. *State of Louisiana v. Stanley Lee Reed*, 45,237 (La. App. 2 Cir.

5/26/2010). Petitioner did not seek further direct review in the Louisiana Supreme Court.[1]

On September 10, 2012, he filed an application for post-conviction relief in the Fourth Judicial District Court arguing claims of double jeopardy, erroneous information relied upon in the pre-sentence report, and, ineffective assistance of counsel. [Doc. 1, ¶7] The application was denied on some unspecified date. His writ application was thereafter denied by the Second Circuit Court of Appeal on December 20, 2012, under Docket Number 47,964-KH and by the Louisiana Supreme Court on May 24, 2013. In denying relief, the Supreme Court cited La.CCr.P. art. 930.8; *State ex rel. Glover v. State*, 93–2330 (La.9/5/95), 660 So.2d 1189; *State v. Parker*, 98–0256 (La.5/8/98), 711 So.2d 694; La.CCr.P. art. 930.3; and, *State ex rel. Melinie v. State*, 93–1380 (La.1/12/96), 665 So.2d 1172.[2] *See State of Louisiana ex rel. Stanley Reed v. State of Louisiana*, 2013-0061 (La. 5/24/2013), — So.3d —, 2013 WL 3471164.

### Law and Analysis

***1. Limitations – 28 U.S.C. §2244(d)(1)(A)***

---

[1] In his petition, petitioner admits that the Second Circuit Court of Appeals affirmed his conviction and sentence on direct appeal and implies that he did not seek further direct review. See Doc. 1, ¶6] However, in his memorandum he alleges that "... the 2nd Circuit Court of Appeal reversed the convictions..." and that the "... State filed writs to the Louisiana Supreme Court..." The presumptively accurate published jurisprudence of the State of Louisiana does not support this latter allegation.

[2] Art. 930.8 provides a 2-year statute of limitations for seeking post-conviction relief; the period is generally reckoned from the date of finality of judgment under Louisiana law. *Glover* held that Louisiana appellate courts could dismiss an application for post-conviction relief as time-barred even if the lower courts had addressed the merits of the claims for relief. *Parker* held that a motion to correct an illegal sentence would be construed as an application for post-conviction relief and subject to the limitations period of art. 930.8 if it failed to allege an illegal term of sentence. Art. 930.3 provides the exclusive grounds for post-conviction relief under Louisiana law and *Melinie* held that sentencing error could not be raised on post-conviction review.

Title 28 U.S.C. §2244(d)(1)(A) (as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 or AEDPA) provides a 1-year statute of limitations for the filing of applications for *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court. This limitation period generally runs from "...the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. §2244(d)(1)(A).[3]

The statutory tolling provision of 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period [see *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998)] and, of course, the limitations period is tolled only for as long as the state application remains pending in the state's courts. *Johnson v. Quarterman*, 483 F.3d 278 (5th Cir. 2007). Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner appealed his conviction to the Second Circuit Court of Appeals. On May 26, 2010, his convictions and sentences were affirmed. *State of Louisiana v. Stanley Lee Reed*,

---

[3] Nothing in the record before the court suggests that any State created impediments prevented the filing of the petition. Further, nothing in the record suggests that petitioner is relying on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. Finally, nothing in the record suggests that the factual predicate of the claims presented was only recently discovered. [See 28 U.S.C. § 2244(d)(1)(B), (C), and (D)].

45,237 (La. App. 2 Cir. 5/26/2010). Pursuant to Supreme Court Rule X, §5(a), petitioner had 30 days following the Second Circuit's mailing of notice of judgment within which to petition the Supreme Court for further direct review, or, until on or about June 26, 2010.[4] However, according the available evidence, he did not seek further direct review in the Supreme Court. Therefore, petitioner's judgment of conviction "... became final by ... expiration of the time for seeking [further direct] review..." under 28 U.S.C. §2244(d)(1)(A) when the 30-day period for seeking further direct review pursuant to Louisiana Supreme Court Rule X, §5(a) expired on June 26, 2010. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("Louisiana Supreme Court Rule X, § 5(a) states that an application 'to review a judgment of the court of appeal either after an appeal to that court ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal.' [The] time for seeking further review of his state conviction expired when he did not within thirty days of the Louisiana Court of Appeal's ... decision, challenge that decision in the state Supreme Court.") Thereafter, since petitioner's judgment of conviction became final under the AEDPA on June 26, 2010, petitioner had 1-year, or until June 26, 2011, to file his federal *habeas corpus* petition.

On September 10, 2012, he filed an application for post-conviction relief in the Fourth Judicial District Court arguing claims of double jeopardy, erroneous information relied upon in the pre-sentence report, and, ineffective assistance of counsel. [Doc. 1, ¶7] However, by the time he filed that application, the one-year period of limitation established by the AEDPA had already expired, and, as noted above, any lapse of time <u>before</u> the proper filing of an application for post-

---

[4] Louisiana Supreme Court Rule X, §5(a) provides: "An application seeking to review a judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal..."

conviction relief in state court must be counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999), citing *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998).

In addition, it appears that his application for post-conviction relief was deemed untimely filed by the Louisiana Supreme Court. That finding suggests that petitioner filed his application for post-conviction relief beyond the TWO year deadline provided by art. 930.8.

In short, the available evidence establishes that petitioner's federal *habeas* petition is time-barred by the provisions of 28 U.S.C. §2244(d)(1)(A).

Of course, this is a Report and Recommendation and not a final judgment. To the extent that petitioner disagrees with the calculations set forth above, he is encouraged to submit evidence and argument to support his implied assertion that his *habeas* petition was timely filed.

**2. Equitable Tolling**

Petitioner implies that he is entitled to equitable tolling of the limitations period because (a) he is actually innocent; (b) prison officials are responsible for his untimely filing because they failed to proved "competent assistance;" (c) petitioner was not appointed counsel to assist in his collateral review; and (d) his appellate counsel was ineffective.

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). "A petitioner's failure to satisfy the statute of limitations must result from external

5

factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006). As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 1085, 166 L.Ed.2d 924 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)).

While a claim of actual innocence may provide the basis for equitable tolling, McQuiggin v. Perkins, — U.S. —, 133 S.Ct. 1924 (2013), petitioner has provided only a self-serving and conclusory claim of innocence, which is insufficient to establish his entitlement to tolling. *Compare Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995) (For a claim of actual innocence to be credible, the claim requires the habeas petitioner asserting it to support his allegations of constitutional error with new reliable evidence, whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence, that was not presented at trial.)

Since state prisoners have no constitutional right to either an appointed attorney or "inmate counsel" in state post-conviction proceedings, petitioner cannot rely on a claim ineffective assistance of post-conviction counsel or inmate counsel in order to establish statutory or equitable tolling of his time-barred petition. *Martinez v. Johnson*, 255 F.3d 229, 239 (5th Cir.2001).

In other words, nothing of record thus far supports equitable tolling of the statute of limitations in the instant case. It does not appear from the evidence thus far submitted that petitioner was either actively misled by the state or otherwise prevented in some extraordinary

6

way from asserting his rights by timely filing his *habeas* claims.

Nevertheless, this is a Report and Recommendation, and, as shown below, petitioner may object to this Report and he is encouraged to provide evidence and argument to support any claim of equitable tolling.

### 3. Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, Douglass v. United Services Automobile Association**, **79 F.3d 1415 (5th Cir. 1996).**[5]

---

[5] **As noted above, petitioner is encouraged to file timely objections to this Report and to provide evidence in support of any claim he may have to establish that his petition is timely or, if untimely, that he is entitled to equitable tolling of the AEDPA's limitation**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, August 7, 2013.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE

---

**period. SHOULD HE OBJECT, HE IS SPECIFICALLY DIRECTED TO PROVIDE SUCH EVIDENCE TO ESTABLISH THAT HIS PETITION IS NOT TIME-BARRED OR IN THE ALTERNATIVE TO ESTABLISH HIS ENTITLEMENT TO EQUITABLE TOLLING.**